**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| HONGWEI YANG, | No. 12-71303 |
| Petitioner, | |
| v. | Agency No. A088-113-167 |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted April 22, 2015[**]

Before:     GOODWIN, BYBEE, and CHRISTEN, Circuit Judges.

Hongwei Yang, a native and citizen of China, petitions pro se for review of

the Board of Immigration Appeals' ("BIA") order dismissing his appeal from an

immigration judge's decision denying his application for asylum, withholding of

removal, and protection under the Convention Against Torture ("CAT"). We have

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence the agency's factual findings, applying the standards governing adverse credibility determinations created by the REAL ID Act, *Shrestha v. Holder*, 590 F.3d 1034, 1039-40 (9th Cir. 2010), and we deny the petition for review.

Substantial evidence supports the BIA's adverse credibility determination based on Yang's different accounts of what officials informed him about his father's suicide and based on inconsistencies regarding his addresses. *See id*. at 1048 (adverse credibility determination was reasonable under the "totality of circumstances"). Yang's explanations do not compel a contrary conclusion. *See Lata v. INS*, 204 F.3d 1241, 1245 (9th Cir. 2000). We reject Yang's contention that his documentary evidence overcomes the agency's negative credibility finding. *See Garcia v. Holder*, 749 F.3d 785, 791 (9th Cir. 2014) (documents not sufficient to rehabilitate testimony). Thus, in the absence of credible testimony, Yang's asylum and withholding of removal claims fail. *See Farah v. Ashcroft*, 348 F.3d 1153, 1156 (9th Cir. 2003).

Finally, Yang's CAT claim fails because it is based on the same evidence the agency found not credible, and he does not point to any other evidence that compels the conclusion that it is more likely than not he would be tortured by or

12-71303

with the acquiescence of the government if returned to China. *See Shrestha*, 590

F.3d at 1048-49.

**PETITION FOR REVIEW DENIED.**